**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ADAM B. COLLINGE,**

                        **Petitioner,**

      v.                                          **CASE NO. 22-3095-SAC**

**SCOTT KING,**

                        **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

     This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Adam B. Collinge, who is proceeding pro se, is a pretrial detainee being held at the Pawnee County Jail facing state criminal charges. Petitioner filed his initial pleading on May 11, 2022, and was notified that he needed to resubmit his petition upon court-approved forms, in compliance with Local Rule 9.1(a), and he needed to either pay the statutory filing fee of $5 of submit a motion to proceed in forma pauperis. (Docs. 1, 2.) Petitioner has now submitted his petition upon court-approved forms and paid the statutory filing fee. Thus, the Court will deny the motion to proceed in forma pauperis (Doc. 3) as moot.

**Motion to Appoint Counsel (Doc. 4)**

     Petitioner has also filed a motion for appointment of counsel. (Doc. 4.) Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may

appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this early point in these proceedings, the Court is not convinced that the interest of justice requires counsel for Petitioner. As explained below, it is not clear whether this matter will survive initial screening. Accordingly, the motion to appoint counsel will be denied without prejudice.

**Rule 4 Screening**

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971).

In his petition, Petitioner list four grounds for relief, all of which are related to his ongoing state-court criminal prosecution. He claims that he was improperly arrested; he has received ineffective assistance of counsel; jail staff prevented him from attending a scheduled court appearance, which resulted in a failure-to-appear warrant; and jail staff offered him a plea

bargain that involved him waiving his right to counsel and pleading guilty to a crime he maintains he did not commit. (Doc. 6, p. 6-7.) As relief, Petitioner asks the Court to do "whatever the [Court] deems would be fair and bring justice to this mess." *Id.* at 7.

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918).

"[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody."[1] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance.

---

[1] Petitioner briefly alleges in the petition that jail staff are reading his legal mail. This type of complaint, that focuses on conditions of confinement rather than legality of the confinement itself, is not a basis for habeas relief. Similarly, Petitioner's complaint that jail staff prevented him from attending a scheduled hearing attacks a condition of confinement.

*Ex Parte Royall*, 117 U.S. at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court

intervention in a state criminal prosecution. Petitioner does not allege that the act for which the State of Kansas is charging him was done under the authority of a federal law or foreign government, nor does this case involve foreign relations or present any indication that the State of Kansas should not be allowed to resolve Petitioner's constitutional claims.

Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in Pawnee County district court. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws[2]; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings[3]. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Pawnee County.

Petitioner is therefore directed to show cause, in writing, on or before June 24, 2022, why this matter should not be dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 3) is **denied as moot.**

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint

---

[2] *See In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007).
[3] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993).

counsel (Doc. 4) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before June 24, 2022, why this matter should not be dismissed without prejudice under the abstention doctrine set forth in *Ex Parte Royall* and *Younger*.

**IT IS SO ORDERED.**

DATED:  This 23rd day of May, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge