```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS

ADAM B. COLLINGE,

                              Petitioner,

            v.                                CASE NO. 22-3095-SAC

SCOTT KING,

                              Respondent.
```

## NOTICE AND ORDER TO SHOW CAUSE

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Adam B. Collinge, who is proceeding pro se, is a pretrial detainee being held at the Ford County Jail pending his state criminal prosecution. In his petition, Petitioner lists four grounds for relief, all of which are related to his ongoing state-court criminal prosecution. He claims that he was improperly arrested; he has received ineffective assistance of counsel; jail staff prevented him from attending a scheduled court appearance, which resulted in a failure-to-appear warrant; and jail staff offered him a plea bargain that involved him waiving his right to counsel and pleading guilty to a crime he maintains he did not commit. (Doc. 6, p. 6-7.)

The Court reviewed the petition as required by Habeas Corpus Rule 4 and, on May 23, 2022, issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971). As noted in the NOSC, 28 U.S.C. § 2241 "is

the proper avenue by which to challenge pretrial detention," *see Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007), but requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918).

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper; otherwise, federal courts must abstain from interfering with the process of state courts. *See Ex Parte Royall*, 117 U.S. at 251-52.

Nearly a century later, the United States Supreme Court reaffirmed that generally federal courts should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state

officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The NOSC noted that the petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention in a state criminal prosecution and the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in Pawnee County district court. Thus, the NOSC directed Petitioner to show cause why *Ex Parte Royall* and *Younger* do not require this Court to decline to interfere in the ongoing state court criminal prosecution of Petitioner.

Since the NOSC was issued, Petitioner has filed two documents with this Court. The first advised the Court about Petitioner's finances and alleged violations of his rights during the events that led to his state criminal prosecution and the state-court proceedings themselves[1]. (Docs. 8, 8-1.) The second informed the Court that Petitioner had moved to the Ford County Jail and made allegations regarding the conditions of confinement he had suffered.[2] (Doc. 9.) Neither of these documents addressed *Ex Parte Royall*, *Younger*, or this Court's duty to abstain from interfering in ongoing state-court criminal prosecutions. Moreover, the date by which Petitioner was required to respond to the NOSC has now passed.

Because Petitioner alleges that he was not receiving his mail

---

[1] Petitioner represents to the Court that he has been advised that he has "already been convicted of [his] charges." (Doc. 8-1, p. 1.) The online records of the Pawnee County District Court reflect that case number 2022-CR-12, *State of Kansas v. Adam Benjamin Collinge*, remains pending.
[2] As noted in the NOSC, unconstitutional conditions of confinement are not grounds for federal habeas relief. Rather, a civil rights action under 42 U.S.C. § 1983 is the proper avenue by which a prisoner may challenge unconstitutional conditions of confinement.

while in Pawnee County Jail and could not access the Court's docket for this matter, however, the Court will direct the clerk to mail to Petitioner in Ford County Jail a copy of the docket sheet, the NOSC, and this order. The Court will allow Petitioner additional time to respond to the NOSC. If Petitioner does not file a timely response to the NOSC, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the clerk is directed to mail to Petitioner a copy of the docket sheet for this matter and a copy of the Court's May 23, 2022 Notice and Order to Show Cause (Doc. 7). The time for Petitioner to respond to the notice and order to show cause is hereby extended to July 29, 2022.

**IT IS SO ORDERED.**

DATED:  This 29th day of June, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge