# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ADAM B. COLLINGE,**

**Petitioner,**

      **v.**                                             **CASE NO. 22-3095-SAC**

**SCOTT KING,**

**Respondent.**

## MEMORANDUM AND ORDER

Petitioner Adam B. Collinge filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while he was a pretrial detainee being held at the Pawnee County Jail facing state criminal charges. When Petitioner filed his initial petition for relief in May 2022, the envelope indicated that his return address was the Pawnee County Jail in Larned, Kansas. (Doc. 1-1.) Later that month, when Petitioner filed his petition on court-approved forms, he again indicated therein that his address was the Pawnee County Jail. (Doc. 6.)

On May 23, 2022, the Court issued a notice and order to show cause (NOSC) directing Petitioner to show cause on or before June 24, 2022, why this matter should not be dismissed without prejudice under the abstention doctrine set forth in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971). (Doc. 7.) In documents received by the Court received on June 2, 2022, Petitioner advised that he had been transferred to the Ford County Detention Center in Dodge City, Kansas. (Docs. 9-11.) When the deadline to respond to the NOSC passed without a response from Petitioner, the Court issued a second NOSC. (Doc. 11.) Noting that one of Petitioner's allegations in this matter was that he had not received his mail and was not allowed to access this Court's docket while at the Pawnee County Jail, the Court directed the clerk to mail to Petitioner at

the Ford County Detention Center a copy of the docket sheet for this case and a copy of the May 23, 2022 NOSC. *Id.* at 3-4. The Court also extended the time for Petitioner to respond to the NOSC to July 29, 2022. *Id.* at 4.

On July 8, 2022, the documents mailed to Petitioner at the Ford County Detention Center were returned to the Court marked "Return to Sender." (Doc. 12.) Consequently, it appeared that Petitioner has failed to comply with rules of the Court which require every party, including a party proceeding pro se, to notify the Court in writing of a change of address. See D. Kan. R. 5.1(c). Thus, on July 11, 2022, the Court issued a third NOSC, this time directing Petitioner on or before August 12, 2022, to provide the clerk, in writing, with his current address or risk the dismissal of this matter without further prior notice to Petitioner. (Doc. 13.) That document, which was also mailed to Petitioner at the Ford County Detention Center, was returned to the Court on July 22, 2022 marked "Return to Sender[,] Attempted -- Not Known[, and] Unable to Forward." (Doc. 14.)

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). More than two months have now passed since the Court issued the initial NOSC. More than one month has now passed since the Court issued the order directing Petitioner to provide his current address. Petitioner has not complied with either order. The Court therefore concludes that this matter should be dismissed without prejudice under Rule 41(b).

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the COA requirement applies "whenever a state prisoner habeas petition relates to matters flowing from a state court detention order").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 15th day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge